UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZULU SOCIAL AID AND | * | CIVIL ACTION |
| PLEASURE CLUB, INC | * | NO. |
| Plaintiff | * | JUDGE |
| SOUL TRADE, INC. D/B/A | * | MAGISTRATE |
| SOUL TRAIN FASHIONS | | |
| Defendant | * | |

### VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES

Zulu Social Aid and Pleasure Club, Inc. ("Zulu"), through undersigned counsel, complains as follows:

1.

Zulu is a corporation organized and existing under the laws of the of the state of Louisiana, with its principal place of business located at 732 North Broad Street, New Orleans, LA 70119.  It is best known as the organizer of the Zulu Mardi Gras parade, although the corporation serves many other functions.

2.

Defendant, Soul Trade, Inc. d/b/a Soul Train Fashions  ("Soul Train") is corporation domiciled in the State of Louisiana, licensed to do, and doing, business in the state of Louisiana, Parish of Orleans.

### JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising

under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks) and 28 U.S.C. § 1338(b) (pendant unfair competition claims). Venue is proper in this Disrtrict pursuant to 28 U.S.C. 1391(b) and (c) in that all parties are domiciled in this district and the violations have occurred in this district.

## FACTS

4.

Zulu has operated as a social aid and pleasure club since 1909 and has conducted a parade in New Orleans on Mardi Gras since that year. For over a century Zulu and its parade have been an integral part of Mardi Gras in New Orleans. The name of the organization and its parade have become famous worldwide, and Zulu has invested considerable sums in developing its name and the association of that name with shirts, coats, jackets, hats, and other items of clothing. Since 1909, Zulu has used the Zulu name and other marks on a wide variety of apparel, masks, jewelry, coconuts and other items.

5.

Effective, May 27, 2003, Zulu received a federal trademark registration, no. 2719314 (Zulu Social Club Registration), for the word ZULU (the "Zulu Club Mark") for goods and services as a "social club." A copy of the Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit A. The Zulu Social Club Registration indicates that the Zulu Club Mark was first used by Zulu as early as January 2, 1916.

6.

Effective May 27, 2003, Zulu received a federal trademark registration, no. 2719313 (Zulu Coconut Shell Registration), for the word ZULU (the "Zulu Coconut Mark") for goods and

services "coconut shells." A copy of the Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit B. The Zulu Coconut Mark was first used by Zulu as early as January 2, 1916.

7.

Effective September 2, 2003, Zulu received a federal trademark registration, no. 2758496 (Z Coconut Registration), for the letter "Z" used on coconut shells (the "Z Coconut Mark") for goods and services as "coconut shells." A copy of Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit C. The Zulu Social Club Registration indicates that the Z Coconut Mark was first used by Zulu as early as January 2, 1916.

8.

Effective July 15, 2003, Zulu received a federal trademark registration, no. 2736373 ("Zulu Registration"). For the word ZULU (the "ZULU Mark"), for goods identified as "costume jewelry." A copy of the Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit D. The ZULU Registration indicates that the ZULU Mark was first used by Zulu in connection with costume jewelry on or before January 2, 1977.

9.

Effective July 1, 2003 Zulu received a federal trademark registration, no. 2731850 ("Parade Registration"), for the word ZULU for services described as "entertainment services in the nature of live performances, namely carnival parades" the ("Parade Mark.") The Parade Registration indicates that the Parade Mark was first used by Zulu in connection with carnival parades as early as January 2, 1916. A copy of the Patent and Trademark Office records

reflecting that registration is attached to this Complaint as Exhibit E.

10.

Effective May 27, 2003, Zulu received a federal trademark registration, no. 2719316 ("Face Registration"), for a black face design with white circles around the left eye and mouth (the "Face Mark"), for goods identified as "costume jewelry." A copy of the Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit F. The Face Registration indicates that the Face Mark was first used by Zulu on or before January 2, 1982.

11.

Effective May 27, 2003, Zulu received a federal trademark registration, no. 2719317 ("Mask Registration"), for a black face design with white circles around the left eye and mouth (the "Mask Mark"), for goods identified as "costume masks." A copy of the Patent and Trademark Office records reflecting that registration is attached to this Complaint as Exhibit G. The Mask Registration indicates that the Mask Mark was first used by Zulu as early as January 2, 1916.

12.

Soul Train has advertised and sold to the public blazers, caps and other apparel bearing the Zulu name and trademarks without Zulu's permission. Photographs of that apparel and receipts for purchases of that apparel are attached hereto *in globo* as Exhibit H. At no time did Soul Train have permission from Zulu to use Zulu's name registered trade marks or make such trademarked items for sale, all of which are directly contrary to the Zulu organization and in violation of the Zulu organization's Rules and By-laws

13.

By letter dated February 3, 2015, Zulu demanded that Soul Train cease and desist from those activities, but Soul Train has refused to do so. The February 3, 2015, letter is attached to this Complaint as Exhibit I.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF FEDERAL TRADEMARKS NOS.
## 2719314, 2719313, 2758496, 2736373, 2731850, 2719316, 2719317

14.

Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.

Soul Train's use of, its offering for sale of, and its sale of products bearing the Zulu trade name and trademarks constitute infringement of Zulu's registered Face Mark, Zulu Mark, Zulu Club mark, Zulu Coconut Mark, Z Coconut Mark, Mask Mark and Parade Mark in violation of 15 USC §1072.

16.

Soul Train's use of Zulu's Federally registered trademarks and offers to sell and sales of the infringing products is without permission or authority of Zulu and likely to cause, and has caused, confusion among the public who believe that the infringing products are sold with the authorization of Zulu.

17.

Upon information and belief, Soul Train's acts of infringement have caused, and will continue to cause, irreparable injury and other damage to Zulu unless enjoined by this court.

Zulu has no adequate remedy at law to protect against this ongoing damage. Zulu is therefore entitled to injunctive relief for Soul Train's infringement of its registered trademarks.

18.

Soul Train's offers to sell and sales of the infringing products without Zulu's consent has caused monetary damage to Zulu, which has been deprived of a license fee that it would otherwise charge to manufacturers and sellers of products featuring its trademarks.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(A)

19.

Plaintiff Zulu hereby realleges and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint as if fully set forth herein.

20.

Upon information and belief, Soul Train has used Zulu's Federally registered trademarks to identify goods in interstate commerce. Said use of these Federally registered trademarks is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection or association of Soul Train with Zulu and as to the origin, sponsorship, approval of Soul Train's goods and commercial activities by Zulu.

21.

Upon information and belief, Soul Train's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damages to Zulu's reputation and good will in its marks. Zulu has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## TRADEMARK DILUTION

22.

Zulu's Face Mark constitutes a famous mark in Louisiana and elsewhere under the provisions of LSA R.S. 51:223.1.  Soul Train's sale of the infringing products dilutes the distinctive quality of Zulu's Mark in violation of LSA R.S. 51:223.1.

23.

Zulu's ZULU Mark constitutes a famous mark in Louisiana and elsewhere under the provisions of LSA R.S. 51:233.1 and 15 USC §1125.  Soul Train's offer to sell and sales of the infringing products dilutes the distinctive quality of Zulu's Mark in violation of LSA R.S. 51:223.1 and 15 USC §1125.

24.

Zulu's Parade Mark constitutes a famous mark in Louisiana and elsewhere under provision of LSA R.S. 51:233.1.  Soul Train's sale of the infringing products dilutes the distinctive quality of Zulu's Mark in violation with LSA R.S. 51:233.1.

25.

Zulu's Coconut Mark constitutes a famous mark in Louisiana and elsewhere under the provisions of LSA R.S. 51:233.1 and 15 USC §1125.  Soul Train's offer to sell and sales of the infringing products dilutes the distinctive quality of Zulu's Mark in violation of LSA R.S. 51:223.1 and 15 USC §1125.

26.

Soul Train's infringing activities have caused, and will continue to cause, irreparable

injury and other damage to Zulu unless enjoined by this court. Zulu has no adequate remedy at law to protect against this ongoing damage. Zulu is entitled to injunctive relief for Soul Train's infringement and dilution of its famous marks.

### FOURTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES

27.

Soul Train's manufacture and sale of the infringing products constitutes an unfair and deceptive act and practice, in violation of LSA R.S. 51:1401 et seq. Upon information and belief, Soul Train's infringing activities have caused, and will continue to cause, irreparable injury and other damage to Zulu unless enjoined by this court. Zulu has no adequate remedy at law to protect against this ongoing damage. Zulu is entitled to injunctive relief for Soul Train's unfair trade practices.

28.

Defendant will suffer no monetary damage if it is restrained from violating plaintiff's intellectual property rights as alleged, and there should be no need for the plaintiff to post a bond for damages resulting from a wrongfully issued restraining order.

IN VIEW OF THE ABOVE, plaintiff Zulu Social Aid and Pleasure Club, Inc. requests as follows:

1. Restraining Soul Train, its agents, servants, employees, officers, directors, successors, assigns, and anyone operating in concert with them, from manufacture, sale or advertisement of any products featuring designs that infringe or dilute the distinctive quality of the Face Mark;

2. Restraining Soul Train, its agents, servants, employees, officers, directors,

successors, assigns, and anyone operating in concert with them, from manufacture, sale or advertisement of any products featuring designs that infringe or dilute the distinctive quality of the ZULU Mark;

3. Restraining Soul Train, its agents, servants, employees, officers, directors, successors, assigns, and anyone operating in concert with them, from manufacture, sale or advertisement of any products featuring designs that infringe or dilute the distinctive quality of the Parade Mark;

4. Restraining Soul Train, its agents, servants, employees, officers, directors, successors, assigns, and anyone operating in concert with them, from manufacture, sale or advertisement of any products featuring designs that infringe or dilute the distinctive quality of the Coconut Mark;

5. Restraining Soul Train, its agents, servants, employees, officers, directors, successors, assigns, and anyone operating in concert with them, from engaging in unfair competition with Zulu;

6. That Soul Train be required to account to Zulu for all of its profits and the actual damages suffered by Zulu as a result of Soul Train's infringement, dilution, and unfair trade practices and that Zulu be awarded monetary damages for Soul Train's profits from its acts of infringement, dilution, and unfair trade practices;

7. Requires Soul Train to surrender to Zulu for destruction all infringing products;

8. That Soul Train pay Zulu's attorneys' fees and costs, pursuant to 15 USC §1117 and LSA R.S. 51:1409.

9. That punitive damages be assessed against Soul Train for its willful infringement,

dilution, and unfair trade practices; and

    10.    For all further legal and equitable relief.

Respectfully Submitted,

DANATUS KING AND ASSOCIATES

_____
Danatus N. King (#20249)
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119
dking@dkinglawfirm.com
Telephone: (504) 821-3221
Facsimile: (504) 821-3131


THE LAW OFFICES OF KENYA JAMAR ROUNDS, LLC

Kenya Jamar Rounds (#27871)
2475 Canal Street, Suite 200
New Orleans, Louisiana 70119
roundslawoffices@yahoo.com
Telephone: (504) 821-7999
Facsimile: (504) 821-7995
*Attorneys for Zulu Social Aid and Pleasure Club, Inc.*


**PLEASE SERVE**

Soul Trade, Inc. d/b/a Soul Train Fashions
Through its Registered Agent
Balram Mirchandani
701 Michelle Ct.
Gretna, Louisiana 70056